

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2004

# Vazquez-Martinez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2990

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Vazquez-Martinez v. Atty Gen USA" (2004). *2004 Decisions.* Paper 730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2990

_____

FIDENCIO VAZQUEZ-MARTINEZ,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals
INS No. A75-798-556

_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2003

Before: BARRY and ROSENN, Circuit Judges, POLLAK, District Judge[*]

(Filed: May 4, 2004)

_____

OPINION OF THE COURT

_____

ROSENN, Circuit Judge:

---

[*]Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Fidencio Vazquez-Martinez ("Vazquez") timely appeals the laconic order of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal. An Immigration Judge ("IJ") initially conducted a hearing and denied the application because Vazquez did not demonstrate that removal would impose extreme hardship. Vazquez appealed to the BIA, presenting two new claims that were not raised at the prior hearing. The BIA, without explicitly addressing either new claim, summarily affirmed the IJ pursuant to the "Streamlining Regulations" in 8 C.F.R. § 1003.1(a)(7). Because the BIA's summary affirmance leaves this court with no record or explanation to review regarding the new claims, we must remand this case to the BIA for further consideration and opinion.

## I.

Vazquez entered the United States without inspection from his native Mexico in 1986, at the age of nineteen. He lived in the United States with his wife and five United States citizen children until 1998, at which time the INS charged him with removability. Vazquez conceded removability, but sought cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), which authorizes cancellation where the applicant (A) has been in the United States continuously for ten years; (B) has been a person of good moral character during such period; (C) has not committed certain crimes; and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a U.S. citizen or lawfully admitted permanent resident. At the

hearing before the IJ, the Government conceded that Vazquez met the first three prongs under § 1229b(b)(1), but contested the hardship prong.

During the administrative hearing, the IJ admonished Vazquez's attorney for several glaring errors. For example, the attorney failed to submit documentation regarding Vazquez's claims of hardship. The attorney also failed to complete all portions of the application for cancellation of removal, even after the IJ requested that he do so. The IJ also expressed frustration with the attorney after it became clear that he had not prepared Vazquez for sensitive questions regarding the immigration status of his family members living in the United States. To exacerbate the situation, Vazquez's attorney, on the record, blamed Vazquez for this poor preparation. The IJ informed Vazquez that he could file a grievance against his attorney if dissatisfied with the attorney's performance.

In an oral opinion, the IJ held that although Vazquez fulfilled the first three prongs for cancellation of removal, he failed to show the requisite hardship. The IJ observed that "exceptional and extremely unusual hardship" must be shown, and that the hardship faced by Vazquez and his family did not rise to this level.

After the IJ issued his decision, Vazquez learned that one of his sons was diagnosed with asthma and required specialized medical treatments. After retaining new counsel, Vazquez appealed the IJ's decision to the BIA, arguing that he received ineffective assistance of counsel, and that the BIA should consider the newly discovered evidence regarding his son's health in determining whether removal to Mexico would

3

constitute hardship. Rather than issuing an opinion addressing these two new claims, the BIA invoked its summary affirmance procedure, 8 C.F.R. § 1003.1(a)(7), and adopted the IJ's decision.

II.

At the time this case originally came before us, our court en banc was preparing to hear Dia v. Ashcroft, 353 F.3d 228 (3d Cir. 2003)(en banc), which presented a challenge to the same Streamlining Regulations at issue in this case. We therefore suspended this case, pending our decision in Dia. In Dia, we upheld the BIA's Streamlining Regulations, finding them to be a permissible exercise of the Attorney General's regulatory authority under the Immigration and Nationality Act (INA). Id. at 245. We also held that the regulations did not violate an applicant's due process rights under the Fifth Amendment when the BIA simply affirmed an IJ's decision. Id. Therefore, in considering this case we do not review the facial legality of the Streamlining Regulations, but focus instead on whether the BIA's application of the regulatory procedure was appropriate in this instance.

Also subsequent to our suspension of disposition of this case, this court ruled that the question of whether an alien meets the hardship requirement in 8 U.S.C. § 1229b(b)(1)(D) is beyond the court's jurisdiction for review under 8 U.S.C. § 1252(a)(2)(B) because it is a matter reserved for the Attorney General's discretion. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). Thus, our review is

4

limited to Vazquez's new claims regarding ineffective assistance of counsel and reconsideration for newly discovered evidence.

The Government argues that Vazquez's ineffective assistance claim is procedurally barred because he failed to meet the requirements established in <u>Matter of Lozada</u>, 19 I. & N. Dec. 637 (BIA 1988)(requiring an ineffective assistance claim to include a supporting affidavit attesting (1) to the petitioner's agreement with counsel regarding scope of representation; (2) that petitioner informed counsel of the ineffectiveness accusation and permitted him or her an opportunity to respond; and (3) that a complaint was filed with the appropriate bar association). Furthermore, the Government claims that despite any new evidence of Vasquez's son's asthma, Vazquez presented no evidence showing that treatment of the condition would not be available in Mexico.

The Government is persuasive in both arguments. However, we may not accept the Government's position as an advocate in place of a reasoned opinion from the BIA. Despite the IJ's criticism of Vazquez's counsel's conduct in the administrative hearing, the BIA made no mention of either Vazquez's ineffective assistance or newly discovered evidence claims, and summarily affirmed. Thus, we are not in a position to conduct meaningful review of those claims. Instead, we are asked to sit as a de facto court of first instance.

This court's "statutory obligation of review" requires our consideration of whether

5

the BIA's proceedings were conducted with regularity, and whether the final agency action was arbitrary. See, e.g., Sotto v. INS, 748 F.2d 832, 837 (3d Cir. 1984). Recently in Awolesi v. Ashcroft, 341 F.3d 227 (3d Cir. 2003), we reaffirmed our review obligation, holding that despite the Streamlining Regulations, the Court of Appeals must have some insight into the reasoning behind the BIA's disposition of an appeal, in order to give meaningful review of a decision that does more than simply affirm an IJ's opinion. Id. at 232. Had the BIA's summary affirmance simply "invoked" the IJ's opinion in this case, we would be free to "test" the agency's action based on the IJ's reasoning. See Dia, 353 F.3d at 241. However, the BIA's opinion did more than simply affirm. The BIA effectively dismissed Vazquez's ineffective assistance claim and his request for reexamination of newly discovered evidence without offering any grounds or rationale for its action. Based on the record before us, we cannot even be certain that the BIA was aware of Vazquez's new claims.

As we noted in Dia, "[w]hen, after scouring the record, we are still unable to determine the agency's reasoning, we have remanded to the BIA for further explanation." 353 F.3d at 244. In this case, we uphold our statutory obligation of review and grant this petition, vacate the order of the BIA, and remand this case to the BIA for further consideration not inconsistent with this opinion.

6